UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 3:11cr1 (MRK) |
| | : | |
| RICHARD DANIELS | : | |

MEMORANDUM ON SEVERANCE

Richard Daniels has moved for severance of his case from the Reyes case. There is a strong preference in the federal system for joint trials of defendants indicted together. *See United States v. Blount*, 291 F.3d 201, 208-09 (2d Cir. 2002) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). That preference is especially strong when the defendants joined in a common scheme or plan. *See United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1988). Joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537. The Supreme Court explains the rationale for this preference as follows:

> It would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability—advantages which sometimes operate to the defendant's benefit.

*Richardson v. Marsh*, 481 U.S. 200, 210 (1987). Therefore, while joint trials may invite some prejudice to defendants, "[t]he risks of prejudice attendant in a joint trial are presumptively outweighed by the conservation of time, money and scarce judicial resources that a joint trial

1

permits." *United States v. Jimenez*, 824 F. Supp. 351, 366 (S.D.N.Y. 1993).

Rule 8 of the *Federal Rules of Criminal Procedure* permits joinder where, as here, the parties to be joined are "alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Joinder is proper where two or more persons' criminal acts are unified by some substantial identity of facts or participants or arise out of a common plan or scheme." *United States v. Rittweger*, 524 F.3d 171, 177 (2d Cir. 2008) (quotation marks omitted). "The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Fed. R. Crim. P. 8(b). Additionally, "[t]he mere allegation of a conspiracy presumptively satisfies Rule 8(b), since the allegation implies that the named defendants engaged in the same series of acts or transactions constituting an offense." *United States v. Friedman*, 854 F.2d 535, 561 (2d Cir. 1988) (quotation marks omitted); *see also United States v. Uccio*, 917 F.2d 80, 87 (2d Cir. 1990) ("It is an 'established rule' that a 'non-frivolous conspiracy charge is sufficient to support joinder of defendants under Fed. R. Crim. P. 8(b).'" (quoting *United States v. Nerlinger*, 862 F.2d 967, 973 (2d Cir. 1988))). Furthermore, "joinder of a conspiracy count and the substantive counts arising out of the conspiracy is proper since the charge of conspiracy provides a common link and demonstrates the existence of a common plan." *United States v. Bernstein*, 533 F.2d 775, 789 (2d Cir. 1976); *see also United States v. Jackson*, 180 F.3d 55, 75 (2d Cir. 1999) ("[T]here is a clear preference that defendants who are indicted together be tried jointly . . . .").

Using this standard, Mr. Daniels's criminal charge should not be severed from the rest of the defendants. In the Second Superseding Indictment, the co-conspirators named in Count One were said to have collectively engaged in conduct in furtherance of a conspiracy to possess heroin and cocaine base with intent to distribute. The conspiracy is alleged to have continued for at least

twelve months, from approximately January 2010 to December 2010. The Government alleges that the evidence at trial will establish that the defendants worked together to promote their drug trafficking organization and that Mr. Reyes and Mr. Daniels together maintained leadership roles in that organization. In short, the criminal conduct of the charged defendants arises out of a common plan or scheme during a limited period of time.

For example, the Government represents that the roles of Mr. Reyes, Mr. Ramos, Mr. Gilliam, and Mr. Millan are inextricably intertwined with Mr. Daniels's conduct, since Mr. Daniels is alleged both to have taken a leadership role in the drug trafficking operation and to have provided narcotics to his co-defendants, intending it for redistribution. The Government represents that the same witnesses will testify regarding the facts necessary to prove the essential elements for the conspiracy charge. The nature of the charges against Mr. Daniels, or the other co-defendants, simply does not allow him or any other defendant to stand in isolation from the others who participated in the same conspiracy, especially where, according to the Government, the proof of the conspiracy's existence and the defendants' memberships in it overlaps substantially.

Even if joinder is proper under Rule 8(b), a district court has the discretion to sever the trial pursuant to Rule 14 of the *Federal Rules of Criminal Procedure*, which provides in relevant part: "If the joinder of . . . defendants in an indictment . . . or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14. "A defendant seeking severance must show that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials." *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998). Furthermore, the Second Circuit has held that a defendant is not entitled to severance of his trial from that of a co-defendant because the evidence

against his co-defendants is far more damaging or voluminous than the evidence against him. *See, e.g.*, *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003); *United States v. Diaz*, 176 F.3d 52 (2d Cir. 1999). Indeed, "joint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible." *United States v. Locascio*, 6 F.3d 924, 947 (2d Cir. 1993); *see also United States v. Torres*, 901 F.2d 205, 230 (2d Cir. 1990) ("Differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials." (quotation marks and citations omitted)). The Second Circuit has counseled that even when the "risk of prejudice is high . . . less drastic measures—such as limiting instructions—often suffice as an alternative to granting a Rule 14 severance motion." *United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003); *see also Zafiro*, 506 U.S. at 538-39 ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.").

Mr. Daniels has not met the burden of showing prejudice. His only arguments for a November trial, as opposed to February trial, are that he will be deprived of his right to a speedy trial and that he believes statements of non-testifying co-defendants will restrict his right to conduct an effective cross-examination. According to the Government, severance will significantly increase the total presentation time for the Government's case-in-chief as the same evidence will need to be presented at least twice, if not five times. The inevitable result is a waste of judicial resources. *See United States v. Millan-Colon*, 834 F. Supp. 78, 81 (S.D.N.Y. 1993) (finding that where "the same body of evidence is admissible against all defendants, a severance would result in several lengthy and duplicative trials" and "a waste of judicial and law enforcement resources"). Based on the representations of the Government, the evidence establishing the defendants' guilt necessarily revolves around the numerous activities of members of the charged

4

narcotics conspiracy, including the actions of each of the trial defendants. Presenting the entire picture of this interconnected group enhances the fact-finding process. *United States v. Darden*, 70 F.3d 1507, 1527-28 (8th Cir. 1995) ("The United States has a strong interest in the joint trial of the members of a criminal enterprise. Such trials save time and money for the courts, prosecutors, and witnesses."); *United States v. Badalamenti*, 663 F. Supp. 1542, 1544-45 (S.D.N.Y. 1987); *Millan-Colon*, 834 F. Supp. at 81.

Recently, Mr. Reyes received new counsel and counsel for Mr. Daniels had to withdraw in light of a conflict of interest. The new counsel need time to come up to speed on this case, which involves 15,000 wiretaps and a pole camera that allegedly recorded the defendants engaging in drug activity. Also, numerous motions for discovery and other related issues are pending. In view of the complexity of the case, the numerous pending motions by defendants, and the new trial counsel coming into the case for two defendants, the Court concludes that a trial in February is best for the defendants. The Court excludes the dates from early November 2011 to early February 2012 under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(6). There will be no further extensions of the trial date.

For these reasons, Mr. Daniels motion for severance is DENIED and this trial will commence in February 2012.

**IT IS SO ORDERED.**

**/s/ Mark R. Kravitz**
**United States District Judge**

**Dated at New Haven, Connecticut: October 24, 2011.**